**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

WENDELL A. SHIELDS

                                                  PLAINTIFF

ADC #550077

V.                       NO: 2:10CV00118 JLH/HDY

PATRICK WALTON *et al.*                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:
Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Wendell A. Shields, currently held at the Mississippi County Work Release Center of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on August 17, 2010, alleging that he was the victim of excessive force and was denied due process.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on February 22, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986).  Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.      Plaintiff was an inmate at the East Arkansas Regional Unit ("EARU") on April 25, 2008, when the incident at issue in this lawsuit occurred.

2.      Defendants are former EARU security guard Patrick Walton, EARU supervisor Brenda Foreman, and ADC administrative review officer Essie Clay.

3.      According to Plaintiff, he was taking a GED test in a visitation area with other inmates.  The inmates were all seated and in handcuffs and shackles.  Plaintiff was observed "turning around" in his chair by an officer in the control booth.  Plaintiff said that he was merely looking away to clear his eyes.  The control booth officer dispatched Defendant Walton to investigate and Plaintiff says Walton approached him in an aggressive manner and told him to turn around.  After a verbal exchange, Walton removed some of Plaintiff's restraints, and shoved him. Walton then wrote a disciplinary charge to cover up his unwarranted shove.  Plaintiff asserts his due process rights were violated when Clay initially found him guilty of the charge without reviewing the tape of the incident, and when Foreman, who witnessed the incident, failed to defend him against the disciplinary charge.  The charge was later overturned, but only after Plaintiff had served some disciplinary time.  Plaintiff conceded that he only exhausted his administrative remedies with respect to his excessive force claim against Walton.

4.      Because Plaintiff failed to exhaust his administrative remedies with respect to any claims against Clay and Foreman, his claims against them must be dismissed.  The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).

The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Because Plaintiff testified that he only exhausted his excessive force claim against Walton, all other claims he raised in this lawsuit must be dismissed without prejudice.

5.      Testimony at the hearing indicates that Plaintiff did exhaust his available administrative remedies with respect to his claims that Walton subjected him to excessive force when he pushed him.  To establish a claim for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

6.      Based on the standards set forth in *Hudson* and *Whitley*, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury.  Plaintiff testified that he was not punched or hit with anything.  Plaintiff was seen by a nurse after the incident, and he testified that he told her that he was not really hurt, but just had some bruises on his wrists.  While Plaintiff need not allege a "significant injury" in order to state a claim of excessive force, evidence concerning the extent of the injury can be considered in determining the amount of force applied. *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).  See also *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010)(although not a threshold requirement for proving excessive force, extent of injury is informative as to the likely degree of force applied).  The force described by Plaintiff was merely a shove.  As the United States Supreme Court has observed, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 at 9.  Accordingly,

4

Plaintiff's complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2.      Plaintiff's excessive force claim against Defendant Patrick Walton be DISMISSED WITH PREJUDICE.

3.      All of Plaintiff's other claims be DISMISSED WITHOUT PREJUDICE.

4.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   23   day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE